IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ERIC BRADFORD PIES**,

    Plaintiff,

v.

**CAROLYN W. COLVIN,**
Commissioner of Social Security,

    Defendant.

Case No. 3:14-cv-01694-SI

**OPINION AND ORDER**

Nancy J. Meserow, LAW OFFICE OF NANCY J. MESEROW, 7540 S.W. 51st Avenue, Portland, OR 97219. Of Attorneys for Plaintiff.

Billy J. Williams, Interim United States Attorney, and Janice E. Hebert, Assistant United States Attorney, UNITED STATES ATTORNEYS OFFICE, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97201; Sarah L. Martin, Special Assistant United States Attorney, OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

    Eric Bradford Pies ("Claimant") seeks judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for disability insurance benefits ("DIB"). After Claimant filed his opening brief, the Commissioner moved for an order remanding the case for further proceedings. Claimant replied,

PAGE 1 – OPINION AND ORDER

arguing that the case should be remanded for an award of benefits. For the reasons that follow, the Court remands for a finding of disability and the payment of benefits.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

# BACKGROUND

## A. Claimant's Application

Claimant protectively filed an application for DIB on March 4, 2011, alleging disability beginning on October 30, 2009. AR 31. Claimant was born on February 8, 1964; he was 45 on the alleged disability onset date and is presently 51 years old. AR 80.

At the time the ALJ issued his opinion, Claimant's earnings record showed that Claimant had acquired sufficient quarters of coverage to remain insured through December 31, 2014; thus, Claimant must establish disability on or before that date. AR 31. Claimant alleges disability due to Type 1 diabetes, foot surgeries, claw feet, and obesity. AR 80. The Commissioner denied Claimant's application initially and upon reconsideration; thereafter, Claimant requested a hearing before an ALJ. AR 31. After a video administrative hearing held on February 15, 2013, the ALJ ruled that Claimant is not disabled. AR 31-40. The Appeals Council denied Claimant's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1. Claimant now seeks judicial review of that decision.

## B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

PAGE 3 – OPINION AND ORDER

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

**C.  The ALJ's Decision**

The ALJ found that Claimant meets the insured status for DIB through December 31, 2014. AR 33. The ALJ then performed the sequential analysis. AR 33-40. At step one, the ALJ found that Claimant has not engaged in substantial gainful activity since his alleged onset date of October 30, 2009. AR 33. At step two, the ALJ concluded that Claimant has the following severe impairments: diabetes mellitus; morbid obesity; peripheral neuropathy; left rotator cuff sprain; osteoarthritis of the bilateral feet; and right lower extremity third toe amputation. AR 33. At step three, the ALJ ruled that Claimant does not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in the regulations. AR 34.

The ALJ next assessed Claimant's RFC. The ALJ found that Claimant retains the capacity to perform less than a full range of light work; is able to lift, carry, push, and pull 20 pounds occasionally and ten pounds frequently; can stand or walk for two hours and sit for six

PAGE 5 – OPINION AND ORDER

hours in an eight-hour workday; is able bilaterally to operate foot controls occasionally; can crawl and climb ramp or stairs occasionally; can reach occasionally with his dominant left upper extremity; can handle, finger, and feel frequently but not constantly; and can use commonsense understanding to perform detailed but uninvolved written or oral instructions consistent with unskilled work with a DOT reasoning level of two. AR 34. The ALJ further found that Claimant should avoid exposure to hazards such as unprotected heights and moving machinery; is unable to tolerate concentrated exposure to vibration; and must be afforded an opportunity to change positions between sitting and standing at intervals of 15 to 20 minutes. AR 34.

In determining Claimant's RFC, the ALJ found that Claimant's subjective statements and allegations were generally credible and supported by the weight of the evidence. AR 38. The ALJ found the lay testimony of Lois Pies, Claimant's wife, to be credible because it was generally consistent with the medical evidence record and Claimant's credible testimony. AR 38. The ALJ also considered the reports of Claimant's family nurse practitioner, Karen Potampa ("Potampa"). On March 8, 2013, Potampa opined that Claimant is disabled by his diabetes. AR 414-15. The ALJ gave no weight to Potampa's opinion regarding Claimant's alleged disability, but gave partial weight to much of her statement. AR 38. The ALJ included the functional limitations described by Potampa in the RFC. AR 38. Finally, the ALJ gave some weight to the State agency medical consultants, but found that the medical evidence, giving credit to Claimant's testimony, supported additional limitations. AR 38.

At step four, the ALJ found that Claimant is unable to perform any past relevant work. AR 38. At step five, the ALJ relied on testimony of a vocational expert ("VE") and found that based upon Claimant's age, education, work experience, and RFC, Claimant could perform

representative jobs that existed in significant numbers in the national economy. AR 39-40. The ALJ concluded that Claimant is not disabled. AR 40.

## DISCUSSION

Claimant argues that the ALJ erred by: (1) not including all of Claimant's impairments and limitations in the RFC; (2) posing the flawed RFC, as well as incomplete and vague hypotheticals, to the VE; and (3) improperly weighing the opinion evidence of Potampa. The Commissioner concedes that the ALJ made three prejudicial errors in determining that Claimant is not disabled. First, although the ALJ summarized some of Claimant's testimony and found that testimony to be credible, the ALJ did not discuss Claimant's other assertions regarding greater limitations. Such other assertions included Claimant's statements that he anticipates missing six to eight days of work per month due to his impairments and that he needs to lie down or recline during some parts of the day due to his fatigue. Second, the ALJ gave only partial weight to Potampa's opinion, but did not give germane reasons for rejecting any portion of her opinion. Third, the ALJ stated that the State agency consultants determined that Claimant was not capable of frequent push/pull with his left upper extremity or frequent operation of foot controls, when in fact they found that Claimant was not capable of these movements at all. The Commissioner argues that considering these errors, outstanding issues relevant to a determination of whether Claimant is disabled remain, and that consequently this case should be remanded for further administrative proceedings.

The decision whether to remand for further proceedings or for the immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000), *cert. denied*, 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and

PAGE 7 – OPINION AND ORDER

the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r*, 635 F.3d 1135, 1137-38 (9th Cir. 2011) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004)).

The ALJ found Claimant to be credible and gave no reasons for discounting any portion of Claimant's testimony. *See* AR 37 ("The undersigned finds the claimant reasonably described his pain and limitations."); AR 38 ("The undersigned also finds the claimant's subjective statements are generally credible and supported by the weight of the evidence."). Notably, the Commissioner concedes that:

> [T]he ALJ summarized some of Plaintiff's testimony and found that testimony credible, but the ALJ did not consider all of the claimant's statements, including that he anticipates missing 6 to 8 days of work per month due to his impairments (Tr. 71), he needs to lie down or recline during some parts of the day due to his fatigue (Tr. 68, 70), when checking his blood sugar during the day if he needs to make an adjustment it can take up to 15 minutes (Tr. 65-66), and after sitting for a period of time he needs to stand up and walk around before he can stay standing (Tr. 69). These unaddressed statements are not reflected in the claimant's residual functional capacity.

Dkt. 22 at 2. Thus, the ALJ ignored Claimant's testimony regarding his greater limitations and selectively recited only the minor limitations described by Claimant. Although an ALJ is not required to discuss every piece of evidence in the record, he or she may not "selectively analyze" the evidence. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003).

The Commissioner argues that upon remand, the ALJ should reconsider Claimant's credibility, taking into account the unaddressed statements. Dkt. 22 at 2, 7. The ALJ, however, has already had the opportunity to evaluate Claimant's testimony, and has already found Claimant to be credible. In effect, the Commissioner asks the Court to remand this case for further proceedings so that the ALJ can have a second chance to find Claimant's testimony regarding his greater limitations to be not credible and explicitly reject such testimony.

PAGE 8 – OPINION AND ORDER

"Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's plan again' system of disability benefits adjudication." *Benecke*, 379 F.3d at 595. Thus, the Court declines to remand this case for further proceedings so that the ALJ may reconsider his credibility determination.

The Court accepts the ALJ's determination that Claimant is credible. Claimant testified that he anticipates missing at least six to eight days of work per month due to his impairments. AR 71. The VE established that Claimant's testimony, when taken as true, demonstrates that he is unable to perform any kind of substantial gainful work that exists in the national economy. AR 77-78 (testifying that if a hypothetical unskilled worker missed more than a day of work per month on a regular basis, that worker would usually be dismissed). The Court concludes that Claimant's credible testimony establishes his disability, and that no outstanding issues remain. Thus, the correct resolution is to remand this case for the payment of benefits. *See Benecke*, 379 F.3d at 593 ("[W]here the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits."). Because the Court finds that the Commissioner's first concession of error establishes Claimant's disability, the Court does not reach the parties' additional arguments.

## CONCLUSION

The Commissioner's motion for remand (Dkt. 22) is GRANTED, and this case is REMANDED for a finding of disability and the payment of benefits.

**IT IS SO ORDERED**.

DATED this 28th day of December, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 9 – OPINION AND ORDER